## LOWERY v. UNITED STATES.
### No. 10965.

Circuit Court of Appeals, Ninth Circuit.
June 14, 1946.

Henry Clay Agnew, of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and Allan Pomeroy, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before GARRECHT, DENMAN, and BONE, Circuit Judges.

BONE, Circuit Judge.

Appellant was indicted and tried before a jury on five counts, all involving narcotics. She was acquitted as to four counts and convicted on Count 4 (laid under Sec. 2553(a), I.R.C., 26 U.S.C.A. Int.Rev.Code, § 2553(a), which accused her of purchasing 10 grains of opium, prepared for smoking, not in the original stamped package nor from the original stamped package. She assigns as error that the court denied her challenge to the sufficiency of the evidence,

and her motion for a directed verdict, made at the conclusion of the Government's case, and at the end of all evidence as to counts 3, 4 and 5.[1]

Briefly stated, the facts are these: A Chinese (Mar Gim Wing) was arrested in Seattle by narcotics officers and a jar of opium containing about 250 grains then in his possession was voluntarily turned over to the arresting officers. He claimed to them that he had an understanding or arrangement with appellant to sell and deliver this opium to her. In the presence of these officers (who listened in) he called appellant on their office phone and was asked by her if he had "that stuff." When Wing answered in the affirmative she stated, "Well, bring it out and I will go down town with you. Come on right out to the house. I am ready." The narcotics officers then gave him the jar of opium and supplied him with a car; he called for appellant and the car in which Wing and appellant were riding was stopped by the officers and the same jar of opium found on the car seat. Wing testified that he handed her the jar of opium and that she placed it in her purse. The evidence as to the completeness of the delivery to her was in conflict, according to appellee's brief. (Wing pleaded guilty to the charge of possession of this opium but had not been sentenced at the date of the Lowery trial. Appellant was acquitted on Counts 3 and 5 involving this particular jar of opium.)

When she was taken to the office of the narcotics officers for questioning, the purse of appellant was there examined and in a powder puff in this purse they found about 8 grains of smoking opium. It was on the (Count 4) charge involving the opium in her purse that appellant was convicted and from which conviction she appeals. Discovery of this powder puff and its contents was fortuitous and not the result of any arrangement or plan between Wing and appellant or any of the other participants in the entire affair. We are advised that no motion was made to suppress this powder puff (Exhibit 4) evidence which was introduced at the trial.

We are of the opinion that from the time that the officers heard from Wing that appellant had agreed to buy the jar of opium from him, they had probable cause and the legal right to search her and that a warrant for the search was not required.

Appellant contends that because the place of search was one to which she was brought by the government car in which the suspected purchase from Wing was to be facilitated, the search of her purse at that place was a part of that scheme to aid the commission of those other offenses. We do not agree. The right to search existed before the car was sent for her and was not lost because she was brought to the office for another purpose.

Appellant contends that there was an attempt to entrap her in several different offenses with regard to Wing's jar of opium for which she was tried, and that the facts constituted entrapment per se and that the court erred in not so instructing the jury, but leaving to the jury the question whether she was entrapped. If this be error it was harmless error for she was acquitted of the charges respecting Wing's opium.

The judgment is affirmed.

---

[1] Of the four counts on which appellant was acquitted, two charged selling narcotics, one charged purchase and one charged receiving, concealment and sale.